George DeWolf, a Citizen, a Taxpayer and an Adjoining Property Owner, Individually and on Behalf of All Other Persons Similarly Situated, Intervenor and Third-Party Plaintiff-Appellant, v. Central National Bank of Chicago, Not Individually, but as Trustee Under Trust Dated December 23, 1968, and Known as No. 15485, Plaintiff-Appellee, and Chicago Park District, a Municipal Corporation, William L. McFetridge, Daniel J. Shannon, Marshall F. Bynum, Joseph L. Gill and Franklyn B. Schmick, Commissioners, Defendants-Appellees.

Gen. No. 54,084.

First District, Fourth Division.

December 31, 1969.

McCarty & Watson, of Chicago, for appellant.

Frank Maher and Robert Pfaff, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Third-party plaintiff, George DeWolf, has appealed from orders of the Circuit Court (1) dismissing his complaint for want of equity, and (2) establishing and defining the boundary line between the lands of plaintiff, Central National Bank of Chicago, as trustee (hereinafter referred to as "plaintiff"), and defendant, Chicago Park District.

Plaintiff has moved in this court for entry of an order dismissing the appeal of third-party plaintiff.

A summary of the proceedings in the Circuit Court follows. Plaintiff filed a complaint to confirm its agreement with defendant, Chicago Park District, whereby certain submerged land would be conveyed by defendant to plaintiff in exchange for the transfer of riparian rights from plaintiff to defendant, and, further, to establish the permanent boundary line of the property. Chicago Park District answered, admitting all allegations of plaintiff's complaint. Third-party plaintiff filed a petition to intervene and plead in the action, which petition was granted by the court. Third-party plaintiff, as "a citizen, a taxpayer and an adjoining property owner, individually and on behalf of all other persons similarly situated," then moved to dismiss the complaint because the proceedings were violative of due process in permitting the Chicago Park District to "surrender submerged land to adjoining owners in exchange for their riparian rights, without notice, public hearing, or opportunity for public sale." This motion was denied.

By leave of court, third-party plaintiff then filed a complaint alleging in part that the following detrimental consequences would result from a transfer of the land

398

in question: (1) The welfare of the general public will ultimately be endangered by the accumulation of debris on the Thorndale Avenue public beach resulting from construction on the site; (2) traffic problems will ensue on Sheridan Road and West Glenlake Avenue, particularly, fire trucks being then unable to turn around on West Glenlake Avenue, thus greatly diminishing the quality of fire protection to third-party plaintiff, as an adjoining landowner; (3) a larger building might be constructed than was possible at the time the zoning ordinance was established, necessitating construction of a wall or high base shell on the Sheridan Road side of the property, blocking the lake view and destroying its scenic beauty; (4) a dock and boat launch area might be constructed which would increase oil and debris in the lake and add to the hazardous use of the public beach. The complaint also alleged, as in the motion to dismiss, that the statute authorizing the transfer of the property (Ill Rev Stats 1967, c 105, § 81), is violative of due process because it does not provide for public notice.

Defendant's answer as to each allegation of the complaint denied that third-party plaintiff had any interest in the proceedings which would entitle him to any relief, and defendant asked that the complaint of the third-party plaintiff be dismissed. Plaintiff also filed an answer which asked that the third-party plaintiff's complaint be stricken.

After a hearing on the third-party complaint, it was dismissed because the court found:

> (a) The Intervenor has failed to prove any special damage which will occur to him by reason of the confirmation of the agreement between plaintiff and defendant.

> (b) The complaint of the Intervenor ought to be dismissed for want of equity.

The court then entered a decree establishing the permanent boundary line between the properties of plaintiff and defendant.

We now turn to a consideration of plaintiff's motion before this court to dismiss the appeal of third-party plaintiff. Plaintiff argues that the petition for intervention was improvidently granted by the trial court. The petition, which enumerated certain factors that might be "detrimental to the interest of George DeWolf and the general public," was, in essence, merely an abbreviated version of the subsequent third-party complaint as outlined above. Our consideration of the petition leads us to conclude that third-party plaintiff did not have the requisite interest to intervene at the time leave was granted, for the reason that he did not demonstrate that he would suffer any special damage. Plaintiff has cited Droste v. Kerner, 34 Ill2d 495, 504, 217 NE2d 73, where the court said:

> [I]t has long been the law in Illinois that an individual, be he a taxpayer, (Koehler v. A Century of Progress, 354 Ill 347; McPike v. Illinois Terminal Railroad Co., 305 Ill 298,) or a property owner, (McCormick v. Chicago Yacht Club, 331 Ill 514; Carstens v. City of Wood River, 344 Ill 319,) in the absence of statutory authority conferring such right, has no standing in equity to enjoin an alleged misuse of property held in trust for the public, unless he alleges and proves that he will suffer special damage, different in degree and in kind from that suffered by the public at large.

The primary requisite of standing was not met in the instant case—that of alleging special damage. The original parties made timely objection to allowance of the petition, and the court erred in permitting third-party plaintiff to intervene without such pleading. That order is

400

therefore reversed, and, as a result, plaintiff lacks standing to prosecute this appeal.

 Nevertheless, we have also examined the complaint of third-party plaintiff. We find that it, too, was totally devoid of allegations setting forth special damage, and the record includes no evidence thereof. As a result of these fatal omissions, it is clear that the trial court properly dismissed the third-party complaint for want of equity. In view of our holding above, however, our conclusion on this point is not determinative.

The order of the trial court permitting George DeWolf to intervene is reversed, and the appeal is then dismissed.

Reversed in part, and appeal dismissed.

DRUCKER, P. J. and STAMOS, J., concur.